UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MERCADO,

                    Plaintiff,

      -against-

GINA F. LEE and FORD MOTOR
CREDIT CO.,

                 Defendants.

**MEMORANDUM OPINION
AND ORDER**

04 Civ. 7166 (PGG)

PAUL G. GARDEPHE, U.S.D.J.

        Plaintiff David Mercado brings this action to recover for economic and non-economic loss that he allegedly suffered after sustaining injuries in a car accident with Defendant Gina Lee.  Following discovery, Defendants moved for summary judgment on the ground that Mercado did not sustain a "serious injury" within the meaning of New York Insurance Law § 5102(d).  For the following reasons, Defendants' motion is granted.

## DISCUSSION

        A court must grant summary judgment if "there is no genuine issue as to any material fact" and the moving party shows that it "is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "To survive . . . [a] motion for summary judgment," the non-moving party "must establish that there is a genuine issue of material fact" by doing more than "simply show[ing] that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  A court should not grant summary judgment if, "after resolving all ambiguities and drawing all inferences in favor of the non-moving party," it determines

that "a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).

## I.      New York's No Fault Insurance Law

New York Insurance Law § 5104(a) provides that in a personal injury or negligence action between insured persons, "there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."  New York Insurance Law § 5102(d) defines "serious injury" to include, inter alia, a personal injury that results in: (1) a "permanent consequential limitation of use of a body organ or member" (hereafter the "permanent consequential limitation" category); (2) a "significant limitation of use of a body function or system" (hereafter the "significant limitation" category); or (3) a "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (hereafter the "90/180" category).

The New York Court of Appeals has held that because the purpose of the no-fault statute is to reduce litigation, "[i]t is incumbent upon the court to decide in the first instance whether [a] plaintiff has a cause of action to assert within the meaning of the statute" by "determin[ing] whether the plaintiff has established a prima facie case of sustaining serious injury."  Licari v. Elliott, 57 N.Y.2d 230, 237, 455 N.Y.S.2d 570 (1982).  "If it can be said, as a matter of law, that plaintiff suffered no serious injury . . . , then plaintiff has no claim to assert and there is nothing for the jury to decide."  Id.  In order to prevail on a motion for summary judgment on this issue, the defendant must

offer evidence establishing a "prima facie case that plaintiff's injuries were not serious." Gaddy v. Eyler, 79 N.Y.2d 955, 956, 582 N.Y.S.2d 990 (1992).

If the defendant does so, the "burden then shift[s] to [the] plaintiff to come forward with sufficient evidence to . . . demonstrate that []he sustained a serious injury within the meaning of the No-Fault Insurance Law." Id. at 957.  To meet this burden, the plaintiff must offer "objective proof" of his injury.  Toure v. Avis Rent A Car Sys., Inc., 98 N.Y.2d 345, 350, 746 N.Y.S.2d 865 (2002).  "[S]ubjective complaints alone are not sufficient."  Id.  Acceptable "objective" proof may include "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion" – if supported by objective evidence – or "[a]n expert's qualitative assessment of a plaintiff's condition . . . , provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system."  Id.  An expert medical analysis that "is obviously premised on plaintiff's subjective complaints . . . does not rise to the level of credible medical evidence required" to support a claim of serious injury.  Dwyer v. Tracey, 105 A.D.2d 476, 477, 480 N.Y.S.2d 781, 783 (3d Dep't 1984).

**II.        Mercado's Claim for Non-Economic Damages**

Mercado asserts that he is entitled to seek recovery for non-economic loss because he suffered cervical and lumbar spine injuries that qualify as "serious injuries" under the "permanent consequential limitation," "significant limitation" and "90/180" categories of "serious injury."  (Pltf.'s Br. at 1-4)  Defendants argue that they are entitled to judgment as a matter of law with respect to all three categories.  (Def.'s Br. at 8)  The Court agrees that Mercado has not met his burden of offering objective medical evidence

sufficient for a reasonable jury to find that he suffered a "serious injury," and that

Defendants are therefore entitled to summary judgment on this claim.

> A.    **Defendants' Prima Facie Case as to the**
>       **"Permanent Consequential Limitation"**
>       **and "Significant Limitation" Categories**

"Whether a limitation of use or function is 'significant' or 'consequential'

(i.e., important . . . ) relates to medical significance and involves a comparative

determination of the degree or qualitative nature of an injury based on the normal

function, purpose and use of the body part."  Dufel v. Green, 84 N.Y.2d 795, 798, 622

N.Y.S.2d 900 (1995).  A "minor, mild or slight limitation of use should be classified as

insignificant within the meaning of the statute."  Licari, 57 N.Y.2d at 236, 455 N.Y.S.2d

at 570.  There is no basis to find a "consequential" or "significant" limitation where the

doctor has "diagnosed only a mild injury, which plainly has not prevented plaintiff from

continuing [his] daily activities."  Dwyer, 105 A.D.2d at 478, 480 N.Y.S.2d at 783.

To make out a prima facie case that Mercado does not have a "permanent

consequential limitation" or a "significant limitation," Defendants submitted sworn

reports from Dr. Robert S. April, who examined Mercado on February 9, 2005, and Dr.

Michael Katz, who examined Mercado on January 31, 2006.  Based on his examination,

Dr. April concluded that Mercado was "not disabled or limited in any daily physical

activity" and was "independent in all activities of daily living" (p. 3).  Dr. April further

found that Mercado had no neurological injuries and a normal range of motion with no

muscle spasms (p. 2).  Similarly, based on testing and examination, Dr. Katz concluded

that Mercado's cervical and lumbosacral strains were "resolved" (p. 3); that Mercado had

a normal range of motion (p. 2); that Mercado showed "no signs or symptoms of

permanence relative to the musculoskeletal system" (p. 3); and that Mercado was "capable of gainful employment" and "activities of daily living" (p. 4).

   These reports provide objective medical evidence that Mercado recovered from his injuries, and that his injuries did not prevent him from engaging in his regular daily activities. They are sufficient to meet Defendants' burden of stating a prima facie case that Plaintiff did not suffer a "serious injury." See, e.g., <u>Noll v. Avis Budget Group LLC</u>, No. 07-Civ.-1908(RML), 2008 WL 4282985, at *3 (E.D.N.Y. Sep. 17, 2008) ("A prima facie case is frequently established when sworn affidavits or affirmations from numerous physicians opine that the opposing party did not sustain a 'serious injury.'").

  **B.**  **Mercado Has Not Offered Evidence Sufficient**
     **for a Reasonable Jury To Find That He**
     **Suffered a "Permanent Consequential Limitation"**
     <u>**or a "Significant Limitation"**</u>

   To rebut Defendants' evidence and to show that he has a "permanent consequential limitation" or "significant limitation," Mercado submitted an affirmation from Dr. Mani Ushyarov dated October 9, 2006. Dr. Ushyarov stated that at a September 27, 2006 examination, Mercado complained of neck pain and lower back pain. A physical examination "revealed tenderness over the cervical and lumbar-sacral paraspinal muscles," and Dr. Ushyarov found that Mercado still exhibited some limits with respect to his cervical and lumbar ranges of motion. (Ushyarov Aff. at 2) Dr. Ushyarov did not explain how he tested Mercado's range of motion.

   Mercado also submitted evidence dating to the 2001 time period immediately following the accident. First, in his affirmation, Dr. Ushyarov provided results from a May 15, 2001 examination showing limits on Mercado's cervical and lumbar ranges of motion. Second, Mercado submitted a May 23, 2001 report from Dr.

Elliot Meisenberg containing a neurologic evaluation and diagnosing cervical and lumbar sprains.  Third, Mercado submitted a June 26, 2001 report from a psychologist, Dr. Donald Mullin, stating that Mercado sustained psychological trauma in the accident. Mercado also submitted a report of a May 24, 2001 MRI exam, which found a bulging disc, and a June 2001 EMG report showing lumbar-sacral and cervical radiculopathy.

        Mercado's evidence is not sufficient for a jury to find that he sustained a "serious injury" under the "permanent consequential limitation" or "significant limitation" categories.  As an initial matter, a plaintiff claiming a permanent or significant limitation must support his claim with evidence of a "recent examination";  reports based solely on examinations near the time of the accident, that were five years old at the time of the summary judgment motion, will not suffice.  See, e.g., Ahmed v. H E Transport, Inc., No. 06-Civ.-2938(CLP), 2008 WL 520244, at *9 (E.D.N.Y. Feb. 26, 2008) (to defeat summary judgment, "there must be a 'recent examination' of plaintiff on which the objective medical findings have been made"); Thompkins v. Santos, No. 98-Civ.-4634(MBM)(HBP), 1999 WL 1043966, at *5 (S.D.N.Y. Nov. 16, 1999) (affidavit based on examination that took place two years earlier was "too old to support" the plaintiff's "claims of permanent injury in the face of defendants['] doctors' affidavits to the contrary"); Kauderer v. Penta, 261 A.D.2d 365, 366, 689 N.Y.S.2d 190, 191 (2d Dep't 1999) (affidavit based on examinations that occurred three years earlier would not defeat summary judgment).  With the exception of the section of the Ushyarov affirmation

relating to the September 27, 2006 examination, Mercado's evidence is too old to support his claim that he suffered a permanent or significant limitation.[1]

        The portion of the Ushyarov affirmation relating to the September 27, 2006 examination is also insufficient to meet Mercado's burden because it relies on Mercado's subjective complaints of pain rather than on objective evidence.  A medical analysis that "is obviously premised on plaintiff's subjective complaints . . . does not rise to the level of credible medical evidence required" to support a claim of "serious injury." Dwyer, 105 A.D.2d at 477, 480 N.Y.S.2d at 783.  Therefore, "New York courts have consistently held that because a diagnosis of loss of range of motion is dependent on the patient's subjective expressions of pain, it is not sufficient to support an objective finding of a serious injury."  Ahmed, 2008 WL 520244, at *8.  A medical analysis based in part on "subjective range-of-motion tests" may be sufficient if it is supported by "other medical evidence, such as MRIs showing disc herniations and bulges."  Piper v. Henderson, No. 07-Civ.-263(RRM)(SMG), 2008 WL 3200204, at *1 (E.D.N.Y. July 10, 2008); see also Thompkins, 1999 WL 1043966, at *8 (doctor affidavit based on an unsworn MRI report and doctor's observations and range of motion tests raised a triable issue of fact); Ahmed, 2008 WL 520244, at *9 (noting that "MRIs, x-rays and CT scans are clearly objective evidence," and that "courts have also considered passive range of motion tests based on objective criteria, such as straight-leg raising tests and observations of spasms, as objective evidence because they are not based on the patient's complaints

---

[1] In addition, the lack of evidence showing that Mercado was substantially limited in his daily activities at any time following the accident (discussed infra) supports finding, as a matter of law, that he did not suffer a "consequential" or "significant" limitation.  See Dwyer, 105 A.D.2d at 478, 480 N.Y.S.2d at 783.

of pain").  Mercado has proffered no such proof, however, other than tests dating back to 2001.

At the September 27, 2006 examination, Dr. Ushyarov concluded that Mercado still had some limits on his range of motion.  However, he provided no explanation of the basis for his conclusion, other than to state that Mercado complained of pain and that a physical examination showed tenderness.  This explanation does not provide a basis for the Court to find that Dr. Ushyarov's opinion was based on objective criteria rather than on Mercado's subjective complaints of pain.  Therefore, Dr. Ushyarov's opinion does not provide the "objective" medical evidence required for Mercado to defeat a summary judgment motion under New York law.  See Kauderer, 261 A.D.2d at 366, 689 N.Y.S.2d at 191 (holding that a medical affidavit was insufficient to defeat summary judgment because the opinion expressed therein "failed to establish that any objective tests were performed to support th[e] determination" of the restrictions in the plaintiff's range of motion).

Dr. Ushyarov's affirmation is also insufficient to defeat summary judgment because it merely states in a conclusory fashion that Mercado's injuries resulted in "significant, consequential, permanent limitations," without explaining the basis for this opinion.  A plaintiff cannot meet his burden by providing a conclusory physician affirmation.  Adolphe v. Ramirez, 173 A.D.2d 583, 583, 570 N.Y.S.2d 167 (2d Dep't 1991) ("The mere repetition of the word 'permanent' in the affidavits of a plaintiff or a treating physician does not suffice to establish serious injury within the meaning of Insurance Law § 5102(d).  Summary judgment should be granted to the defendant where

a plaintiff's evidence is limited to conclusory assertions tailored to meet statutory

requirements.").

### C. Mercado Has Not Offered Evidence Sufficient for a Reasonable Jury To Find That He Suffered a "Serious Injury" Under the "90/180" Category

In order to show a serious injury under the "90/180" category, a plaintiff

must: (1) "offer[] sufficient objective medical evidence to establish a qualifying injury or

impairment," Toure, 98 N.Y.2d at 357; and (2) show that the impairment prevented him

from "performing substantially all of the material acts which constitute such person's

usual and customary daily activities for not less than ninety days during the one hundred

eighty days immediately following the occurrence of the injury or impairment," N.Y. Ins.

Law § 5102(d). Mercado has not done either.

### 1. Mercado's Evidence

At his deposition, Mercado testified that following the accident, he missed

approximately 3 or 4 weeks of work over a seven month period, including several days

immediately following the accident and a total or four or five days per month during the

first two months. (Mercado Dep. 58:21-61:9) In addition, he "was waking up with a stiff

neck regularly" and his "back was giving . . . [him] a lot of problems" – he "was not

agile" and "could not jump" while playing basketball. (Id. 65:9-23) He also had

headaches that could be relieved by Excedrin and "a lot of discomfort sleeping and

relaxing" at night, for which his doctor advised that he use a hot water bottle. (Id. 67:7-

68:20, 74:2-4)

Mercado provided additional testimony in an October 11, 2006 affidavit

opposing Defendants' summary judgment motion, stating, among other things, that prior

to the accident he "played lots of sports" but can no longer play sports "at all" (Mercado

Aff. ¶ 11); that he still regularly experiences headaches and pain while working (id. ¶¶ 7, 10); that he is "very limited in the activities" he can do with his teenage son (id. ¶ 11); and that he has difficulty bending and lifting, such that he cannot lift his 2-year-old son (id.).  However, Mercado did not provide any medical evidence concerning these alleged limits on his activities, which were not addressed in Dr. Ushyarov's affirmation.

2.    **Analysis**

The most significant limitation on Mercado's activities during the six months following the accident was his inability to work.  However, while courts often find that an inability to work is a limit on "substantially all" of a plaintiff's customary activities, Mercado's own testimony is that he only missed 3 or 4 weeks of work, not the required 90 days.  Therefore, Mercado cannot show that he falls within the "90/180" category solely by pointing to his absences from work.

Mercado's evidence concerning other activities that were allegedly limited is insufficient to show that he was limited in "substantially all of" his "usual and customary daily activities" for the requisite period of time.  The fact that Mercado could work full-time for approximately 5 of the 6 months following the accident, standing alone, weighs against finding that he was limited in "substantially all" of his customary daily activities during the six months following the accident.  See, e.g., Licari, 57 N.Y.2d at 238, 455 N.Y.S.2d at 570 (a plaintiff who was "able to maintain his daily routine for most of each day" by returning to work 12 hours per day "was not prevented from performing substantially all of his daily activities").

Mercado's testimony concerning his headaches and inability to participate in sports and activities with his sons is insufficient to tilt the balance in the opposite

direction, for two reasons.  First, Mercado has not provided evidence showing that sports

and interacting with his sons were a substantial part of his daily activities.  See, e.g.,

Covey v. Simonton, 481 F. Supp. 2d 224, 240 (E.D.N.Y. 2007) (plaintiff's "generalized

statements . . . about missing occasional dancing and other recreational activities" such as

sitting through movies or long car rides could not defeat summary judgment because

there was no evidence that these activities were "customary daily activities"); Cooper v.

Dunn, No. 99-Civ.-6903(ILG), 2001 WL 138864, at *11 (E.D.N.Y. Jan. 2, 2001)

("Plaintiff's inability to play a pick-up game of basketball or do push ups are simply not

losses for which recovery is permitted under New York's no fault insurance scheme.").

       Second, even if the Court were to assume that playing sports and lifting

his son constituted "substantially all" of Mercado's customary daily activities, it would

still grant summary judgment for the defendants because Mercado has not provided any

objective medical evidence tying the alleged limits on his activities to the injuries he

sustained in the car accident.  See, e.g., Singh v. Maresco, No. 04-Civ.-1439(JG)(CLP),

2008 WL 324360, at *8 (E.D.N.Y. Feb. 6, 2008) ("Even if . . . [the plaintiff] had

presented evidence sufficient to support a jury finding that he refrained from his usual

and customary activities for the necessary time period, his claim would fail because he

must also provide competent medical testimony that he was unable to engage in his usual

and customary activities because of injuries sustained (or exacerbated by) the accident at

issue."); Below v. Randall, 240 A.D.2d 939, 940, 658 N.Y.S.2d 767, 768 (3d Dep't 1997)

(finding that plaintiff had not presented sufficient evidence of a "serious injury" where,

even accepting "that plaintiff could not engage in certain activities and sports, there has

been no showing that these restrictions were medically indicated or that the activities comprised a significant portion of plaintiff's usual daily activities").

III.      **Mercado's Claim for Economic Damages**

In his Complaint, Mercado also asserts that he is seeking damages for economic loss.  (Complaint ¶ 20)  Although neither side addresses this claim in their briefs, Defendants have moved for summary judgment on the claim.  (Notice of Motion at 1 (Docket No. 13))

Under New York's No Fault Insurance Law, a plaintiff seeking to recover for an economic loss must plead that he suffered more than a "basic" economic loss – i.e., that he suffered an economic loss in excess of $50,000 –  in order to state a claim. Fleming v. Forty, No. 05-Civ.-9746(DLC), 2007 WL 987795, at *4 (S.D.N.Y. April 4, 2007); N.Y. Ins. Law §§ 5104(a) (prohibiting recovery for "basic economic loss"), 5102(a) (defining a "basic economic loss" as an economic loss of up to $50,000). Because Mercado did not plead such a loss, and also did not address his claim for economic loss in opposing Defendants' summary judgment motion, the Court will dismiss his claim for economic loss.  See Fleming, 2007 WL 987795, at *4 (a plaintiff's economic loss claim "must be dismissed" if he fails to plead that he suffered an economic loss greater than $50,000); Williams v. Elzy, No. 00-Civ.-5382(HBP), 2003 WL 22208349, at *3 (S.D.N.Y. Sep. 23, 2003) (on motion for summary judgment, treating the plaintiff's claim as one for solely non-economic loss because the plaintiff did not submit any evidence indicating that she sought damages for more than "basic" economic loss).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment

(Docket No. 13) is GRANTED in its entirety.  The Clerk of the Court is directed to close

this case.

Dated: New York, New York
       November 21, 2008

SO ORDERED

Paul G. Gardephe
United States District Judge

13